11-2631-ag
Gao v. Holder

BIA
Nelson, IJ
A099 936 378

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

GAN GAO,
> *Petitioners,*

> v.                                    11-2631-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Eric Y. Zheng, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Gan Gao, a native and citizen of the People's Republic of China, seeks review of a May 31, 2011, decision of the BIA affirming the March 4, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gan Gao*, No. A099 936 378 (B.I.A. May 31, 2011), *aff'g* No. A099 936 378 (Immig. Ct. N.Y. City Mar. 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, we lack jurisdiction to review the IJ's denial of asylum based on her determination that Gao had firmly resettled in Canada prior to his arrival in the United States, as Gao failed to challenge the IJ's determination before the BIA in the first instance. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Accordingly, we dismiss the petition for review to that extent.

2

**Withholding of Removal & CAT**

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

*A.   Land Dispute Claim*

We find that the agency reasonably determined that Gao failed to demonstrate that the harm he suffered during the course of a land dispute with local government officials constituted persecution on account of his actual or imputed political opinion. 8 U.S.C. § 1158(b)(1)(B)(i). For applications for withholding of removal governed by the REAL ID Act, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i).

Here, Gao testified that his repeated confrontations with local land officials were motivated solely by his desire to resolve a private land dispute, in which he had a

personal financial interest at stake, and, as the BIA noted, not by any desire to vindicate the rights of other leaseholders or express his opposition to government corruption or wrongdoing.  Although Gao argues that what began as a private land dispute graduated to political expression when he filed a lawsuit against the local land officials, his argument is not supported by the record, as Gao testified only that he filed the lawsuit to challenge the violation of his personal land rights.  Moreover, Gao did not present any evidence indicating that the local government officials and law enforcement personnel mistreated him because they perceived him as having an anti-government political opinion, instead testifying that he was beaten on two occasions after being accused of disturbing the peace. *See* e.g., *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) (holding that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [INA]").  Accordingly, the agency did not err in finding that Gao failed to establish past persecution on the basis of an actual or imputed political opinion.  *See Yueqing Zhang*, 426 F.3d at 545 (internal citation omitted).

4

The BIA also reasonably found that Gao failed to establish a likelihood of future persecution in China, as he did not present any evidence indicating that local land officials continued to threaten him after his departure from China in 2004. *See* 8 C.F.R. § 1208.16(b)(2). Moreover, the BIA reasonably determined that Gao's fear of future persecution was undermined by the fact that his parents continued to live unharmed on the same property that was the subject of the land dispute. *See* 8 C.F.R. § 1208.16(b)(2); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed). Finally, the BIA reasonably concluded that Gao failed to establish a likelihood of persecution in China based on a pattern or practice of persecution of Chinese citizens in land use matters, as Gao did not submit any evidence showing that the threat of harm to these individuals is systemic, pervasive or organized. *See* 8 C.F.R. § 1208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007).

*B. Family Planning Claim*

We further find that the agency reasonably determined that Gao failed to meet his burden in demonstrating past

persecution or a likelihood of persecution based on his wife having been forced to undergo an IUD insertion procedure. As the agency properly determined, Gao's claim based on his wife's forced IUD insertion is foreclosed by our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), which squarely rejected the notion that an alien is *per se* eligible for relief based on harm suffered by their spouse. *See* 494 F.3d at 309. Additionally, the BIA reasonably determined that Gao failed to establish past persecution or a likelihood of future persecution on account of his "other resistance" to China's family planning policy, as he did not testify that he was ever arrested, detained, sterilized, or otherwise harmed, and did not present any evidence indicating that family planning officials continued to pursue or threaten him after his departure from China in 2004. *See Shi Liang Lin*, 494 F.3d at 313; *See also* 8 C.F.R. § 1208.16(b)(2).

Because the agency reasonably concluded that Gao failed to establish past persecution or a likelihood of persecution on account of a protected ground in relation to his land dispute claim, and because substantial evidence supports the agency's determination that Gao failed to establish past persecution or a likelihood of persecution on account of his

6

other resistance to China's family planning policy, it did not err in denying withholding of removal and CAT relief, as both claims shared the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stays of removal that the Court previously granted in this petition are VACATED, and any pending motion for a stays of removal in this petition are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk